IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEROY "TONY" AUSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. 1:11-cv-02312-JEC |
| JUSTIN'S RESTAURANT, INC. | ) |
| | ) |
| Defendant. | ) |

**REPLY TO DEFENDANT JUSTIN'S RESTURANT INC.'S RESPONSE OPPOSING PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE A SUR-REPLY CITING NEW EVIDENCE AND SUPPLEMENTAL AUTHORITY RELEVANT TO HIS OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

COMES NOW Plaintiff to briefly reply to Defendant's Response opposing Plaintiff's Motion for Leave to File a Sur-Reply, showing this Court as follows:

1.

In the companion case, *Lawrence Jackson vs. Justin's Restaurant, Inc.*, State Court of Fulton County, No. 11EV012748A, the trial court denied Defendant's motion for a protective order, and Mr. Combs' deposition is moving forward in that case. (Doc. 91-1). To date, the parties in *Jackson* and *Austin* have taken all depositions jointly to accommodate witnesses and limit expenses. As with every other witness, Plaintiff Tony Austin would depose Mr. Combs on the same date, at the same time, at the same place, and with the same court reporter as Mr. Jackson.

1

Neither Mr. Combs nor Defendant would be burdened in anyway if Plaintiff Tony Austin participates in a deposition already moving forward.  As such, Defendant's arguments are moot.

2.

In Defendant's response to this motion, Defendant asserted that "[no apex case] was cited or offered by either party, in the *Jackson* matter."  (Doc. 94 p. 2).  Defendant is in error.  In its motion for a protective order in *Jackson*, Defendant cited the same "apex" cases in hopes of blocking Mr. Combs' deposition.  (Doc. 91-1 pp. 1-5, 7-10).  Mr. Jackson easily distinguished those "apex" cases, and the *Jackson* court soundly rejected Defendant's motion.  (Doc 91-1).  Importantly, Federal discovery law and Georgia discovery law share the same basic principle on the scope of discovery, to wit: "appears to be reasonably calculated to lead to discovery of admissible evidence."  F.R.C.P. 26 (b); O.C.G.A. 9-11-26(b)(1).  Therefore, this Court may also find the *Jackson* ruling instructive.

3.

Notably, the *Jackson* court ordered the deposition of Mr. Combs to move forward even though Mr. Jackson does not have a personal relationship with Mr. Combs.  The case at bar is different in this regard.  Plaintiff Austin and Mr. Combs are friends, and on the night of the incident, Mr. Combs was in Atlanta hosting a party which Mr. Austin was invited and planning to attend.  Mr. Austin and Mr.

Combs have spoken to each other since the incident, and Plaintiff should be able to explore the substance of communications from Mr. Combs' perspective.  In *Austin*, Defendant continues to try to somehow attack and make relevant Plaintiff Tony Austin's character, and Mr. Combs may rebut Defendant's contentions.  Defendant has not addressed these issues in four briefs to this Court, and these issues alone make the deposition appropriate discovery.  Therefore, and for reasons already stated, Mr. Combs' deposition should move forward in this case.

      WHEREFORE, the supplemental authorities and new evidence provided in Plaintiff's Motion for Leave should be considered by this Court when ruling on Defendant's Motion for Protective Order to block Sean Comb's deposition. Plaintiff respectfully asks this Court to grant Plaintiff's Motion for Leave to File a Sur-Reply, and ultimately, deny Defendant's Motion for a Protective Order.

      This 26th day of November, 2012.

                                    Respectfully submitted,

                                    **LAW & MORAN**

                                    <u>/s/ Edward A. Piasta</u>
                                    Edward A. Piasta
                                    Georgia Bar No. 110161
                                    Attorney for Plaintiff

**LAW & MORAN**
563 Spring Street
Atlanta, Georgia 30308
(404) 814-3700

## **CERTIFICATION**

Counsel certifies that Plaintiff's brief has been prepared with one of the font and point selections approved by the Court in LR 5.1B, specifically 14-point, Times New Roman font.

/s/ Edward A. Piasta
Edward A. Piasta
Georgia Bar No. 110161
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LEROY "TONY" AUSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. 1:11-cv-02312-JEC |
| JUSTIN'S RESTAURANT, INC. | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing ***Plaintiff's Reply to Defendant Justin's Restaurant Inc.'s Response Opposing Plaintiff's Motion for Leave of Court to File a Sur-Reply Citing New Evidence and Supplemental Authority Relevant to His Opposition to Defendant's Motion for a Protective Order*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Maren R. Cave
Swift, Currie, McGhee, & Hiers LLP
1355 Peachtree Street NE, Suite 300
Atlanta, Georgia 30309

This 26th day of November, 2012

**LAW & MORAN**


/s/ Edward A. Piasta
Edward A. Piasta
Georgia Bar No. 110161
Attorney for Plaintiff

**LAW & MORAN**
563 Spring Street, N.W.
Atlanta, Georgia 30308
(404) 814-3700
(404) 842-7710 [Facsimile]
Ed@LawMoran.com